3335693

FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

2007 APR -9  PM 2: 31

STE_____ ____ CLERK
U.S. _____ COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| Pamela Shankland<br>514 W. Front<br>Apartment 496<br>New Carlisle, IN 46552<br>     Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br>c/o Earnest R. Pollak, Statutory Agent<br>29491 Cedar Road<br>Mayfield Heights, Ohio 44124<br>     Defendant. | CASE NO.:  **3:07CV0167 JM**<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person whom Defendant alleges incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  All of Defendant's actions occurred within one year of the date of this Complaint.

9.  Chase Bank N.A., the original creditor, extended William Shankland credit.  William Shankland was the only individual who guaranteed payment of this debt.

10. William Shankland passed away on a date before June 27, 2006.  On June 27, 2006, Chase Bank, N.A. contacted Plaintiff to console Plaintiff of her loss.  The letter stated in pertinent part, "We know this can be a difficult time for you and your family, and we don't want you to have to worry about the status of the credit card account."  The letter went on to state that if Plaintiff provided Chase Bank, N.A. with proof of William Shankland's death Chase Bank N.A. would assist Plaintiff in dealing with the account.

11. Plaintiff provided Chase Bank N.A. with the information it requested and the "assistance" Chase Bank N.A. provided was to change the account holder name from the William Shankland, the deceased, to Plaintiff's.

12. Plaintiff contends she is not responsible for the account.

13. Chase Bank, N.A. turned this account into collections and retained Defendant to collect the debt.

14. Plaintiff provided notice to Defendant that she was not responsible for the debt but collection activities did not cease.

15. On February 6, 2007, Defendant contacted Plaintiff in an attempt to collect this debt.

16. On February 8, 2007, Defendant contacted Plaintiff in an attempt to collect this debt.

17. On February 12, 2007, Defendant contacted Plaintiff in an attempt to collect this debt.

18. During at least one of these conversations, Defendant demanded immediate payment, advising Plaintiff use a different credit card to make payment.

19. During at least one of these conversations, Defendant alleged Plaintiff of trying to "scam" her way out of paying this debt.

20. During at least one of these conversations, Defendant told Plaintiff she would be going to court and she would lose.

21. Distraught, Plaintiff contacted her daughter whom in turn contacted Defendant's compliance department.

22. Distraught, Plaintiff contacted Macey & Aleman, P.C. in order to file bankruptcy. Because this was her only "debt", Macey & Aleman, P.C. advised her against bankruptcy.

23. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1693e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e(5) in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e(10) by stating Plaintiffs would be sued when, in fact, no lawsuit was intended.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692g by refusing to validate the alleged debt.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

36. Such action is also the unauthorized practice of law.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. All of the above statements, actions and activities are deceptive and misleading in violation of 15 U.S.C. §1692.

## COUNT EIGHT

### Violation of the Fair Debt Collections Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Plaintiff is emotionally distraught and has been compelled to hire counsel to
prosecute this action.

41. Defendant has damaged Plaintiff mentally and emotionally and has caused a great
degree of anxiety and stress.

### JURY DEMAND

42. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

    a.   Judgment against defendant for actual damages, statutory damages
pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees
pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney for Plaintiff
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156
jsh@legalhelpers.com